UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
TORTUS CAPITAL MASTER FUND, LP,                     :
:            14 Civ. 1109 (TPG)
Plaintiff,               :
:
- against -                   :            **ANSWER TO**
:            **COMPLAINT**
THE REPUBLIC OF ARGENTINA,                          :
:
Defendant.              :
:
:
:
:
------------------------------------------------------------------X

Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint dated February 21, 2014 (the "Complaint"), respectfully states as follows:

1. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint. To the extent that Paragraph 1 of the Complaint purports to characterize the contents of written documents, those documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 1 of the Complaint for their true and correct contents.

2. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

4.      Paragraph 4 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

5.      Paragraph 5 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.

6.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, except admits that it entered into a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"), and refers to the 1994 FAA for its true and correct contents.

7.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, except admits that it entered into the 1994 FAA and refers to the 1994 FAA for its true and correct contents.

8.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, except admits that it entered into the 1994 FAA and refers to the 1994 FAA for its true and correct contents.

9.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, except admits that it entered into the 1994 FAA and refers to the 1994 FAA for its true and correct contents.

10.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, except admits that it entered into the 1994 FAA and refers to the 1994 FAA for its true and correct contents.

11.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, except admits that it entered into the 1994 FAA and refers to the 1994 FAA for its true and correct contents.

12. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, except admits that it entered into the 1994 FAA and refers to the 1994 FAA for its true and correct contents.

13. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 14 of the Complaint for their true and correct contents. To the extent Paragraph 14 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

15. Paragraph 15 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 15 for its true and correct contents.

16. Paragraph 16 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 16 for its true and correct contents.

17. The Republic denies the allegations contained in Paragraph 17 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt. Paragraph 17 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies

such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 17 for their true and correct contents. To the extent that Paragraph 17 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

18. Paragraph 18 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 18 for its true and correct contents. To the extent Paragraph 18 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

19. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint. To the extent that Paragraph 19 of the Complaint purports to characterize the contents of a written document, that document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 19 of the Complaint for its true and correct contents. To the extent Paragraph 19 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

20. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint. To the extent that Paragraph 20 of the Complaint purports to characterize the contents of a written document, that document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 20 of the Complaint for its true and correct contents. To the extent Paragraph 20 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

21. In response to Paragraph 21 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 20 of the Complaint.

22. Paragraph 22 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

23. In response to Paragraph 23 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 20 of the Complaint.

24. Paragraph 24 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

25. In response to Paragraph 25 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 20 of the Complaint.

26. Paragraph 26 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

27. In response to Paragraph 27 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 20 of the Complaint.

28. Paragraph 28 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

29. In response to Paragraph 29 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 20 of the Complaint.

30. Paragraph 30 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

31. In response to Paragraph 31 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 20 of the Complaint.

32. Paragraph 32 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

33. In response to Paragraph 33 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 20 of the Complaint.

34. Paragraph 34 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

35. In response to Paragraph 35 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 34 of the Complaint.

36. Paragraph 36 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 36 for its true and correct contents.

37. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint.  To the extent Paragraph 37 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

38. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint.  To the extent Paragraph 38 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

39. Paragraph 39 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

## First Affirmative Defense

40. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

41. Plaintiff's claims are barred by the act of state doctrine.

### Third Affirmative Defense

42. To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

### Fourth Affirmative Defense

43. Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

44. Plaintiff's claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

45. Plaintiff's claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

46. Plaintiff's claims, including interest claims, are barred in whole or in part by the applicable statute of limitations/prescription period.

### Eighth Affirmative Defense

47. Plaintiff lacks standing and/or capacity to sue, because it is not a holder of bonds within the meaning of the 1994 FAA and the governing bond documents.

### Ninth Affirmative Defense

48. Plaintiff's claims are barred by the doctrine of laches.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. *See Lightwater Corp. Ltd. v. Republic of Argentina*, 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense, facts may exist in the present case that were not before the Court in the cases covered by the *Lightwater* and *EM Ltd. v. Argentina*, 03 Civ. 2508 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003), Orders.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

    (a)    dismissing plaintiff's claims with prejudice;

    (b)    awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

    (c)    granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 22, 2014

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Carmine Boccuzzi
    Jonathan I. Blackman (jblackman@cgsh.com)
    Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina